UNITED STATES of America, Appellee,

v.

**Charles BLAKE, Appellant.**

UNITED STATES of America, Appellee,

v.

**Thomas BROWN, Appellant.**

UNITED STATES of America, Appellee,

v.

**Anthony Jerome WASHINGTON, a/k/a "Kojak", Appellant.**

UNITED STATES of America, Appellee,

v.

**Henry HAMILTON, Jr., Appellant.**

UNITED STATES of America, Appellee,

v.

**Geraldine HAMILTON, appellant.**

UNITED STATES of America, Appellee,

v.

**Ethel HAMILTON, Appellant.**

**Nos. 85–5231 to 85–5233, 85–5228(L), 85–5229 and 85–5230.**

United States Court of Appeals, Fourth Circuit.

Argued June 4, 1986.

Decided May 20, 1987.

Capers G. Barr, III, Charleston, S.C., for Ethel Hamilton.

David P. McCann, Charleston, S.C., for Anthony J. Washington.

John F. Hardaway, Federal Public Defender, Columbia, S.C., for Geraldine Hamilton.

Stuart A. Feldman, Charleston, S.C., for Thomas Brown.

Michael P. O'Connell, Charleston, S.C., for Charles Blake.

Lionel S. Lofton, Charleston, S.C., for Henry Hamilton, Jr.

John M. Barton, Columbia, S.C., and Dale DuTremble, Asst. U.S. Atty., Charleston, S.C. (Vinton D. Lide, U.S. Atty., Columbia, S.C., on brief), for appellee.

Before HALL, MURNAGHAN and SPROUSE, Circuit Judges.

SPROUSE, Circuit Judge:

Henry Hamilton, Jr., Geraldine Hamilton, Ethel Hamilton, Charles Blake, Thomas Brown, and Anthony Jerome Washington, all of whom are black, appeal from their convictions on various drug-related charges. They contend, *inter alia*, that the trial court erred in denying their motions for a mistrial because the government prosecutor systematically excluded seven black members of the venire on account of their race. The district court ruled that the defendants did not carry their burden of showing systematic exclusion of blacks amounting to purposeful discrimination as required by *Swain v. Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). After the appellants' trial, *Swain* of course was overruled by *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). We heard arguments on this appeal in June 1986, but delayed a decision pending the Supreme Court's ruling in *Griffith v. Kentucky*, —— U.S. ——, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987) on whether the rule announced in *Batson* was to be applied retroactively. In *Griffith*, the Supreme Court decided that the *Batson* rule is to be applied retroactively to all cases pending on direct appeal at the time *Batson* was issued. We, therefore, now reverse and remand this case.

On February 20, 1985, a federal grand jury for the District of South Carolina returned a five-count indictment against fourteen individuals,[1] including the six appel-

---

1. Count One of the indictment charged various defendants with conspiracy to possess and distribute heroin in violation of 21 U.S.C. § 846; Count Two charged various defendants with possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1); Count Three charged Henry Hamilton, Jr., with possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1); Count Four charged various defendants with unlawful use of a telephone

lants. During the *voir dire* proceedings prior to their trial, the Government used its first five peremptory challenges to strike black persons from the venire. After the defendants moved for a mistrial on the grounds that the Government systematically was excluding blacks from the jury, the Government used its three remaining peremptory challenges to strike two other prospective black jurors and one prospective white juror. Thus, the Government used seven of its eight peremptory challenges to strike prospective black jurors. After jury selection was complete, the district court denied the defendants' motion for mistrial, ruling that the defendants had failed to show the systematic exclusion of blacks from juries in a number of cases as required by *Swain*.

At trial, the evidence convincingly demonstrated that Henry Hamilton was the leader of a heroin and cocaine distribution ring in Charleston, South Carolina, and that the five other convicted defendants participated as the jury found.[2] The appellants now contend that numerous errors were committed at trial. We find merit to but one of their contentions—the district court's reliance on *Swain* in denying their motion for mistrial.

■ In *Swain*, the Court held that a defendant could not establish a prima facie case of purposeful discrimination by showing that the prosecutor used his peremptory challenges to exclude blacks from the jury in a single case. *Swain*, 380 U.S. at 222, 85 S.Ct. at 836. In *Batson*, however, the Court reversed its position. It held that "a defendant may establish a prima facie case of purposeful discrimination ... solely on evidence concerning the prosecu-

tor's exercise of peremptory challenges at the defendant's trial." *Batson*, 106 S.Ct. at 1722–23. To establish a prima facie case, the defendant must show that he is a member of a cognizable racial group and that the prosecutor exercised peremptory challenges to exclude members of his race from the jury. He then "must show that these facts and any other relevant circumstances raise an inference that the prosecutor used his peremptory challenges practice to exclude the veniremen from the petit jury on account of their race." *Id.* at 1723.[3] If the defendant establishes a prima facie case of purposeful discrimination, the burden then shifts to the prosecution to articulate a neutral explanation for challenging the black veniremen. While the prosecutor's explanation need not equal that necessary to justify a challenge for cause, a mere affirmation of good faith is insufficient. *Id.*

■ In *Griffith*, the Court decided that this rule applies retroactively to cases such as this that were pending on direct appeal when *Batson* was decided. We therefore remand this case to the district court with instructions that it make a finding of whether the appellants have established a prima facie case of purposeful discrimination. If so, the court should conduct an evidentiary hearing on the Government's reasons for using its peremptory challenges to exclude the seven black veniremen. If the Government's reasons fail to satisfy the *Batson* standards, appellants must be granted a new trial. If the reasons satisfy *Batson*, appellants' convictions should be reinstated.

in violation of 21 U.S.C. § 843(b); and Count Five charged Henry Hamilton, Jr., with engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848.

2. The defendants were convicted as follows: Henry Hamilton, Jr., Counts One, Two, Three, Four and Five (conspiracy, possession with intent to distribute heroin, possession with intent to distribute cocaine, unlawful use of a telephone and continuing criminal enterprise, respectively); Geraldine Hamilton, Counts One, Two, and Four; Ethel Hamilton, Counts One, Two, and Four; Charles Blake, Counts One,

Two, and Four; Thomas Brown, Counts One, Two, and Four; and Anthony Jerome Washington, Count Two.

Of the remaining eight persons indicted by the grand jury, one pleaded guilty and the other seven were acquitted, either by the court or by the jury.

3. As an example, the Court stated that a "pattern" of strikes against black jurors included in the venire might be sufficient to establish a prima facie case of purposeful discrimination. *Id.* at 1723.

REVERSED AND REMANDED WITH INSTRUCTIONS.